UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TYLER SMITH**                                                               **CIVIL ACTION**

**VERSUS**                                                                         **NO. 14-643**

**BAYWATER DRILLING, LLC, ET AL.**                              **SECTION "K"(2)**

## ORDER AND REASONS

Before the Court a Motion to Exclude Surveillance (Doc. 127) filed by plaintiff Tyler Smith. Plaintiff contends that this surveillance footage must be excluded because defendant Baywater Drilling LLC ("Baywater") waited until the eve of trial to produce it. Having reviewed the memoranda and the relevant law, the Court finds the motion to have merit.

This Jones Act case has had a long and tortured road to trial. Trial was first set for April 6, 2015 and was continued to July 20, 2015, at the parties' request. It was again continued at the parties' request from July 20, 2015 to November 16, 2015. The matter was then continued to February 1, 2016, with the case to be frozen except for the deposition of treating physician Dr. Cupic and Jared O'Quinn. With the addition of another defendant, the case was again continued to August 15, 2016. On August 10, 2016, because of a personal tragedy for plaintiff's counsel, the matter was again continued at which time the Court ordered that "no further discovery shall be conducted and no motions shall be filed without leave of Court." (Doc. 111).

On October 2, 2016, defendants Baywater and Frank's International, L.L.C. ("Frank's") had plaintiff under surveillance and a video of Mr. Smith working on his truck, using a handheld jack to jack up his truck and physically lying under his truck was taken. A copy of this tape was turned over to plaintiff on October 19, 2016. The Court was not provided a copy of the video until October 26, 2016 when the instant motion was filed. At no time had leave been requested or given to

conduct further discovery. Moreover, and more importantly, at no time did defendants move to amend the pretrial order to include the videographer as a witness or the video itself as an exhibit.

As the United States Court of Appeals for the Fifth Circuit has made clear in *Chiasson v. Zapata Gulf Marine Co.* 988 F.2d 513 (5th Cir. 1993), surveillance evidence is consider substantive evidence that is subject to discovery and the failure to timely disclose it, can lead to its exclusion. However, under *Baker v. Canadian National/Illinois Central RR*, 536 F.3d 357 (5th Cir. 2008), the court explained that *Chiasson* did not provide that a surveillance tape disclosed after the discovery cutoff, but before trial, is not automatically inadmissible. *Id.* at 368-69.

Thus, courts have looked to Fed. R. Civ. P. 26(e)(1)(A) which provides for supplementing disclosures and responses "in a timely manner if the party learns that in some material respect the disclosure or response in incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The basic reason for this rule is to prevent prejudice and surprise. *Brower v. Staley, Inc.* 306 Fed. Appx. 36, 39 (5th Cir. 2008) *citing Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994). Thus, where a surveillance video was provided three months before the initial trial setting and ten months before the actual start of trial, the court found that there had been ample time to prepare a response to the video at trial and its admission was not an abuse of discretion. *Id.*

In *Campbell v. Chet Morrison Contractors, LLC*, 2012 WL 3028079 (W.D. La. July 24, 2012), surveillance video was taken on April 14-18, 2012, which was after the filing of the pretrial order and after defendant denied having any video surveillance in its responses to plaintiff's interrogatories. It was not until May 4, 2012, that plaintiff learned of the video. Trial commenced on June 11, 2012. That court found that under these circumstances, and unlike *Baker*, plaintiff did

not have sufficient opportunity to conduct discovery concerning the video.  "Because disclosing the surveillance video so close to the trial date is a similar surprise to its complete nondisclosure, the Court is persuaded by the holding in *Chaisson* (sic).  Admitting this evidence would be inequitable under these circumstances."  *Id*. at *7.

Likewise, the surveillance at issue was taken on October 2, 2016 after discovery was closed and less than one month prior to trial which is scheduled to commence on October 31, 2016.  It was not disclosed until October 19, 2016 to plaintiff.   Clearly, to allow this surveillance to be introduced would be highly prejudicial to plaintiff and indeed constitutes surprise of the type that *Chiasson* circumscribes.  In addition, defendants have not even moved the Court to amend the pretrial order for this video or the person who filmed it to be included in the trial.  It would be impossible for plaintiff to undertake discovery concerning this video on the eve of trial and on no account will this trial be continued again.  Accordingly,

**IT IS ORDERED** that the Motion to Exclude Surveillance (Doc. 127) filed by plaintiff Tyler Smith  is **GRANTED**.

New Orleans, Louisiana, this 27th day of October, 2016.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**